# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NEVADA RESTAURANT SERVICES,
INC. D/B/A DOTTY'S, *et al.*,

    Plaintiffs,

v.

CLARK COUNTY, *et al.*,

    Defendants.

Case No. 2:11-CV-00795-KJD-PAL
Consolidated with 2:11-CV-00824-KJD -PAL

**ORDER**

Before the Court is the Motion for Partial Judgment on the Pleadings (#19) of Defendant Clark County and the Board of County Commissioners of Clark County (collectively "Defendants" "the County" or "the Board"). Plaintiff Nevada Restaurant Services, Inc. d/b/a Dotty's ("Dotty's") filed an opposition (#22) and the County filed a reply (#28).

Also before the Court is the County's Motion to Dismiss (#10). Plaintiff Jackpot Joanies FP, LLC filed an opposition (#23) and the County filed a reply (#29).

I. Background

The Plaintiffs in this consolidated proceeding own gaming and drinking establishments in Clark County that operate under "Class A" gaming licenses. These licenses "permit the operation of

a total of fifteen or fewer slot machines <u>incidental</u> to the primary business at the establishment wherein the slot machines are to be located." Clark County Code (the "Code") § 8.04.040(B)(3) (emphasis added). Plaintiffs operate their businesses in neighborhood locations such as strip malls, and feature a "living room" atmosphere rather than a traditional tavern setting. Unlike many traditional taverns, Plaintiffs' businesses do not have bars or structurally embedded gaming machines. Instead, alcohol is served directly to customers or ordered from behind a low counter, and the slots are free-standing and arranged in an open lounge environment. This business model generally requires many fewer employees than the more traditional tavern model. Plaintiffs' businesses have been expanding and they now operate in dozens of locations.

Because Plaintiffs operate with limited gaming licenses which are intended only to provide incidental gaming, their business model became controversial. The Board of County Commissioners (the "Board") received complaints that gaming was a substantial portion of Plaintiffs' business and that Plaintiffs' businesses were operating more like slot arcades than traditional taverns. According to some critics, slot arcades do not provide the employment and other benefits and services frequently required of gaming operators with unrestricted licenses. Some members of the Board believed that Plaintiffs were misusing their licenses or taking advantage of a loophole in the restricted license or at least had potential to do so.

On December 21, 2010, the County approved a 70-day moratorium on new tavern liquor licenses in Clark County while the issue was addressed. On February 11, 2011, the County noticed to the public three alternative amendments to the County's tavern laws which were designed to address the questions related to the controversial use of restricted gaming licenses in taverns. Commissioner Sisolak, who had prepared one of the proposed amendments governing taverns with Class A gaming licenses, modified his version and made it available to the public on February 14, 2011. A fourth version proposed by Commissioner Giunchigliani was made public on February 15, and revised on March 1. On February 25, 2011, the Clark County Department of Business License

distributed a document in a grid format outlining the various versions of the ordinance amendments and the key points of each.

In response to concerns raised by Plaintiffs, the County released a new version of the amended ordinance outlining the proposed changes on March 4, 2011, and the Department of Business License issued a list of answers to "frequently asked questions" on March 21, 2011. The County allowed public comments until March 28, 2011 and held a public hearing on April 5, 2011.

At the hearing many members of the community spoke for and against the proposed changes, including tavern owners, neighborhood associations, and private individuals. Plaintiffs had the opportunity to be heard and exercised that right by giving lengthy statements. Plaintiffs were represented by counsel at the hearing and submitted both written and oral objections to the amendments.

Following the public comments, the members of the Board held a public debate on the proposed amendments in order to reach a satisfactory compromise. The compromise version of the amendment passed by a vote of 5-2 and required, *inter alia*, that taverns operating under Class A limited gaming licenses are required to have a bar and at least eight slot machines embedded in the bar, and that taverns that were licensed prior to April 22, 1990 were exempted from the new requirement. The County drafted an ordinance reflecting the decision made by the Board and this version (the "Ordinance") went into effect on April 19, 2011.

Plaintiffs each filed suit separately and consolidated their actions on October 20, 2011 (2:11-cv-00824-KJD-PAL Dkt. #12). The County moved for dismissal of Plaintiffs' causes of action for violation of the Procedural Due Process Clause, Substantive Due Process Clause, Equal Protection Clause and 42 U.S.C. § 1983.

II. Discussion

    A. Motion for Judgment on the Pleadings

Fed. R. Civ. P. 12(c) is "functionally identical" to Rule 12(b)(6), and the "same standard of review" applies to a motion brought under either rule. Cafasso v. General Dynamics C4 Systems,

Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).  Judgment on the pleadings or dismissal under Rule 12 is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Hal Roach Studios, Inc. v. Ricard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir.1989).

      To survive motions of this type, a party must show more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Instead, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id.  Plausibility, in the context of a motion under Rule 12, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  The Iqbal evaluation illustrates a two-prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949–51.  Second, the Court considers the remaining factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951.  If the allegations state plausible claims for relief, such claims survive. Id. at 1950.

      B. Procedural Due Process

      Plaintiffs seek to recover for violations of the Procedural Due Process Clause of the Fourteenth Amendment.[1] To analyze procedural due process claims, courts conduct a two-step inquiry to determine 1) "whether there exists a liberty or property interest which has been interfered with by the State" and 2) "whether the procedures attendant upon that deprivation were

---

[1] In their Complaints, Plaintiffs pled their constitutional claims as individual causes of action and then realleged the same as "Violation of 42 U.S.C. § 1983." § 1983, also known as the Civil Rights Act of 1871, provides a private cause of action against state actors, including municipalities, for violation of rights protected by the United States Constitution. Monell v. Dept. of Social Services of New York, 436 U.S. 658, 701 (1978). Each of Plaintiffs' federal constitutional claims is made pursuant to § 1983. However, "that section is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 145 (1979). Accordingly, the sixth cause of action is a nullity.

constitutionally sufficient." Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989) (citations omitted).

### 1. Property Interest

A threshold requirement to a procedural due process claim is the showing of a fundamental liberty or property interest protected by the Constitution. Enquist v. Oregon Department of Agriculture, 478 F.3d 985, 997 (9th Cir.2007). This matter deals with a property interest. Property interests are not created by the Constitution but "by existing rules or understandings that stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Thornton v. City of St. Helens, 425 F.3d 1158, 1164 (9th Cir. 2005). "'To have a property interest in a benefit, a person clearly must have more than an abstract need or desire' and 'more than a unilateral expectation of it. He [or she] must, instead, have a legitimate claim of entitlement to it.'" Town of Castle Rock v. Gonzales, 545 U.S. 748, 756 (2005) (quoting Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972)). The Supreme Court has held that "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion" and that a property interest arises only when conferral of the benefit is truly mandatory. Id. at 545 U.S. 756; see also Foss v. National Marine Fisheries Service, 161 F.3d 584.588 (9th Cir. 1998) (property interest exists where "regulations establishing entitlement to the benefit are... mandatory in nature."). The expectation of entitlement is determined largely by the language of the law governing the benefit. Wedges/Ledges of Cal. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir. 1994).

The County's Code of Ordinances, the relevant law governing gaming licenses, states that "the operation [of a] gambling facility, when authorized by such license, is a privileged business subject to regulations." Code § 8.04.020(A). The Code also states:

> These regulations define business license department procedure and regulate gaming operations within the jurisdiction of the board, but do not in any degree limit the general power of the board to grant or deny applications for licenses and to impose conditions, limitations and restrictions upon a license or to restrict, revoke or suspend

a license for cause after hearing, or to immediately suspend or limit a license in an emergency. These regulations are to be liberally interpreted so as to grant the board broad final discretion in all licensing matters.

§ 8.04.020(C).

Plaintiffs argue that they have a property interest in their existing licenses,[2] and that since they have already been granted the licenses, the imposition of additional conditions prior to renewal of the licenses amounts to a "back-door revocation of [Plaintiffs'] existing, duly-granted licenses."

The Code plainly states that the Board has general power, without limits, to "impose conditions" on the license without any hearing. Code § 8.04.020(C). Since the Board has discretion to impose conditions, a licensee does not have an expectation of entitlement to a license free from the imposition of new conditions. Conversely, the Code's hearing and cause requirements shows that restriction, suspension, or revocation of existing licenses are not discretionary. See Burgess v. Storey County Bd. of Com'rs, 116 Nev. 121, 992 P.2d 856 (Nev. 2000) ("Because the revocation of a brothel license in Storey County requires a hearing and a showing of good cause, Burgess had a reasonable expectation of entitlement to his brothel license.") In other words, Plaintiffs have a legitimate claim of entitlement to their licenses only when the County acts to "restrict, revoke or suspend" their gaming licenses. No entitlement is affected when the County imposes reasonable conditions in order to renew a license because renewal free from new conditions is not mandatory.

Plaintiffs conclusorily allege that the new conditions are a "back-door revocation." If the Court accepted Plaintiffs' argument then the Board's discretion to impose conditions would be eviscerated, since any unhappy licensee could make the same argument. The Code gives the Board discretionary authority to impose conditions. Plaintiffs have not pled facts showing that conferral of a renewed license free of new conditions is mandatory and so do not have a property interest in their

---

[2] Plaintiffs assert that this case is "not about the denial of an application for a license." (Oppo. at 10.) To the extent Plaintiffs assert that the 70-day moratorium on new licenses constituted a deprivation of due process, they have failed to state a claim. Plaintiffs have failed to cite authority indicating a property interest in a pending license. See Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 535 U.S. 302, (2002) (holding that moratoria pending land-use planning decisions do not constitute takings).

licenses that is affected by the Board's action here.  Accordingly, Plaintiffs have failed to plead a plausible claim under the Procedural Due Process Clause.

### 2. Sufficiency of Procedure

Although Plaintiffs have failed to show a property interest, the Court will also examine their claim that the Procedural Due Process Clause was violated by deficient procedure. Procedural due process requires that a deprivation of life, liberty, or property "be preceded by notice and opportunity for hearing appropriate to the nature of the case." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950).  The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333.  Due process is a flexible concept that "calls for such procedural protections as the particular situation demands." Id. at 334, (1976) (citing Morissey v. Brewer, 408 U.S. 471, 481 (1972)).

The Ninth Circuit has set forth a "rule of thumb" that where the "action complained of is legislative in nature, due process is satisfied when the legislative body performs its responsibilities in the normal manner prescribed by law." Halverson v. Skagit County, 42 F.3d 1257, 1260 (9th Cir.1995) (internal quotation marks omitted). However, the Ninth Circuit has also held that "[i]t is axiomatic ... that not every violation of state law amounts to an infringement of constitutional rights." Samson v. City of Bainbridge Island, 683 F.3d 1051, 2012 WL 2161371 (9th Cir. 2012). (citations omitted).  A plaintiff does not have a federal due process claim where a local agency enacts a policy without following state law procedural requirements unless the procedure is also required by the federal constitution. Jacobs v. Clark County School Dist., 526 F.3d 419, 441 (9th Cir. 2008) (holding that failure to consult parents before instituting school policy may have violated state law, but was not a Due Process Clause violation); see also Pro–Eco, Inc. v. Bd. of Comm'rs of Jay County, Ind., 57 F.3d 505, 514 (7th Cir.1995) (alleged violation of state procedural statute relating to passage of ordinance does not violate the Constitution).

It is undisputed that Plaintiffs received notice of the key provisions of draft proposals that were being considered, received notice of the official hearing, had an opportunity to participate in

preparation of the business impact statement, and appeared with their counsel and participated in the hearing on April 5, 2011.  Notwithstanding these facts, Plaintiffs contend that the process they were afforded prior to passage of the Ordinance was not just insufficient, but "fundamentally unfair."[3] Plaintiffs base this contention on an alleged failure to comply with various provisions of state law including NRS § 237.080 which sets forth specific requirements for preparation of a business impact statement, and because the final version of the ordinance debated and passed at the April 5, 2011 meeting was not identical to the proposed amendments which were circulated prior to the meeting.

The facts as pled by Plaintiffs show, at most, minor and technical violations of state procedural statutes and do not show that any of the procedures alleged to have been violated were also constitutionally required. Jacobs, 526 F.3d at 441. Plaintiffs' other contention – that the notice given was defective because the proposed amendment debated at the meeting and eventually passed was not identical to those circulated prior to the meeting – seeks to impose an impractically high standard of notice on legislative bodies. Plaintiffs cite no authority suggesting that notice of every possible permutation of an ordinance is constitutionally required to satisfy due process.  In light of Plaintiffs' acknowledgment that the County provided them with notice of key provisions, versions of the proposed amendments, and a list of frequently asked questions, Plaintiffs fail to plead facts showing a plausible constitutional violation. Plaintiffs were given appropriate notice and a meaningful opportunity to be heard.  The situation presented here did not require more process.[4] Accordingly, Plaintiffs' claim that the process was constitutionally insufficient also fails.

---

[3] Dotty's pleadings contain several exaggerations and instances of charged language, including incessantly referring to the Ordinance as the "anti-Dotty's law" or "anti-Dotty's ordinance" and describing its passage as part of an "assault" and an "anti-Dotty's crusade."  Further, Dotty's opposition disrespectfully refers to one of opposing counsel's arguments as "utter nonsense." The Court cautions Dotty's counsel that overly dramatic language of this type is unhelpful to the Court in reaching a just result.

[4] Even if the imposition of the new conditions affected a property interest, in situations like this, where the private interest is purely financial, there is an entitlement to less procedure. See Brewster v. Board of Educ. of Lynwood Unified School Dist., 149 F.3d 971, 986 (9th Cir. 1998) (employee threatened with reduction in pay was entitled to less procedure than employee threatened with termination).

8

### C. Substantive Due Process

The constitutional guarantee of substantive due process prevents the government from engaging in conduct that "shocks the conscience" or interferes with rights "implicit in the concept of ordered liberty." United States v. Salerno, 481 U.S. 739, 742 (1987) (internal citations omitted). Substantive due process provides no basis for overturning validly enacted laws unless they are "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." Spoklie v. Montana, 411 F.3d 1051 (9th Cir. 2005); see also Richardson v. City and County of Honolulu, 124 F.3d 1150, 1162 (9th Cir. 1997).  Whether the Ordinance is the only or best approach is irrelevant.  Courts will not act as a "super-legislative" body to question the wisdom of otherwise constitutional acts by the Board.  Autotronic Systems, Inc. v. City of Coeur D'Alene, 527 F.2d 106, 108 (9th Cir. 1975).

#### 1. The Law is Related to Public Welfare

Plaintiffs allege no facts that show the County's actions were irrational or that County could have had no legitimate reason for its decision. Plaintiffs argue that the "only one real purpose" of the law is to move their customers to competitors.  In response, the County states that "Clark County determined that tavern businesses, that are not full-fledged casinos, pose a detriment to the health, safety and welfare of the community when the gaming aspect of the business is paramount to selling alcohol."

The County has a legitimate interest in promulgating ordinances that facilitate the proper use of gaming licenses.  Regulations aimed at preventing misuse of restricted licenses and closing loopholes in licenses that provide only for "incidental" gaming are well within the County's purview.  The County also has an interest in requiring that businesses with the privilege of holding a gaming license provide employment, services, and amenities to the community. Further, alcohol and gambling have significant public health and welfare implications, and the County has a legitimate interest in ensuring that both activities are conducted in a sustainable and safe manner.  The Court will not second guess the County's determination that taverns operating under limited gaming

licenses should comply with certain physical requirements, including having eight bar-top gaming devices, to enhance public welfare. Accordingly, Plaintiffs' substantive due process claim fails.

### 2. Retroactive Application is Appropriate

Plaintiffs also argue that the law violates due process because it is retroactive. The Constitution does not prohibit retroactive legislation, and retroactive laws, particularly in an economic context, are routinely sustained by the Courts. See Licari v. C.I.R., 946 F.2d 690, 693 (9th Cir. 1991) Absent violation of a specific constitutional provision, courts will up hold "the retroactive aspects of economic legislation, as well as the prospective aspects" if they meet the test of due process. General Motors Corp. v. Romein, 503 U.S. 181, 191 (1992) (citations omitted). Therefore, retroactive legislation does not violate substantive due process, "[p]rovided that the retroactive application of a statute is supported by a legitimate legislative purpose furthered by rational means. . . ." Bowers v. Whitman, 671 F.3d 905, 916-917 (9th Cir. 2012); see also Gadda v. State Bar of Cal., 511 F.3d 933, 938 (9th Cir. 2007) (retrospective economic legislation need only survive rational basis review in order to pass constitutional muster). For example, in Hotel & Motel Ass'n. of Oakland v. City of Oakland, a new city ordinance reclassified certain existing hotels operating under a "non-conforming use" classification in a way that required them to comply with certain maintenance, habitability, security, and record-keeping standards. The Ninth Circuit held that the reclassification did not violate the substantive due process rights of existing businesses even though "continued operation is conditioned on a business's compliance with the new regulations" since the new regulations were related to a legitimate government interest. 344 F.3d 959, 968 (9th Cir. 2003). There is no due process violation where "it is at least fairly debatable that the [governing body's] conduct is rationally related to a legitimate governmental interest." Halverson v. Skagit County, 42 F.3d 1257, 1262 (9th Cir. 1994).

As set forth above, the Ordinance is rationally related to the legitimate government purpose of ensuring proper use of Plaintiffs' licenses, which provide for "incidental" gaming only. Although continued operation of Plaintiffs' businesses is conditioned on compliance with the new regulations,

the retroactive aspect of the law is rationally related to the County's legitimate interest in enforcing the long-established restrictions on gaming licences. Plaintiffs do not offer anything to show that the County lacked a rational basis for enacted the retroactive provision of the law, and according the Court "may not question its judgment." Spoklie, 411 F.3d at 1059. Accordingly, the Ordinance's retroactive application does not violate substantive due process.

### 3. Additional Authority Under the Twenty-first Amendment

Under the Twenty-first Amendment, governments have authority in relation to drinking establishments that is beyond the general welfare power because states have the power to prohibit the sale of alcohol. This broad authority empowers local governments to "impose an almost limitless variety of restrictions" on these establishments. Walker v. City of Kansas City, Mo., 911 F.2d 80, 91 (8th Cir. 1990) (citing California v. LaRue, 409 U.S. 109, 111-12 (1972)). Similarly, governments have expansive authority in relation to gambling because it implicates no constitutionally protected right and is a "vice" activity that can be "banned altogether." United States v. Edge Broadcasting Co., 509 U.S. 418 (1993).

Plaintiffs' argument that the Ordinance violates substantive due process carries little weight since Plaintiffs' businesses provide both alcohol and gambling. These activities are subject to "almost limitless" restriction by the County. Plaintiffs provide no authority suggesting that the County exceeded its sweeping power to regulate alcohol and gaming when it passed the Ordinance. Further, Plaintiffs have provided nothing to show that the "almost limitless" authority cannot be used to pass reasonable retroactive legislation. Accordingly, Plaintiffs do not state a plausible claim for violation of their substantive due process rights.

### D. Vagueness

A statute may violate the Due Process Clause if it is impermissibly vague. A facial vagueness challenge outside the context of the First Amendment "present [s] a hurdle that is difficult for the [plaintiff] to scale." Hotel & Motel Ass'n of Oakland v. City of Oakland, 344 F.3d 959, 971 (9th Cir.2003) "[A] party challenging the facial validity of an ordinance on vagueness grounds outside the

domain of the First Amendment must demonstrate that 'the enactment is impermissibly vague in all of its applications.'" Id. (quoting Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489 (1982)). A statute can be impermissibly vague for either of two independent reasons: (1) "it fails to provide persons of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits," or (2) "it authorizes and encourages arbitrary and discriminatory enforcement." Hill v. Colorado, 530 U.S. 703, 732 (2000).

Plaintiffs argue that the Ordinance is impermissibly vague for two reasons: (1) because it is unclear whether a tavern is required to have a restaurant, and (2) because it is unclear whether a tavern is required to have a bar. Plaintiffs have failed to plead facts showing that a person of reasonable intelligence would misunderstand the requirements of the Ordinance. The plain language of the statute draws a distinction between a tavern, where a bar and a restaurant are permissive, and a "tavern making an application for a Class A Slot Machine License," where they are not. Plaintiffs' claim of confusion is not plausible since the Ordinance unambiguously states that only taverns that apply to be operated in connection with the Class A gaming license are required to have a bar and restaurant. Plaintiffs have failed to plausibly plead vagueness and accordingly, the vagueness challenge fails.

### E. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause requires the government to treat all similarly situated persons alike. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). A municipal law does not violate the Equal Protection Clause, "[i]f the ordinance does not concern a suspect or semi-suspect class or a fundamental right, we apply rational basis review and simply ask whether the ordinance is rationally-related to a legitimate governmental interest." Honolulu Weekly, Inc. v. Harris, 298 F.3d 1037, 1047 (9th Cir.2002) (internal quotation marks and citation omitted). Disparate government treatment will survive rational basis scrutiny "as long as it bears a rational relation to a legitimate

state interest." Patel v. Penman, 103 F.3d 868, 875 (9th Cir.1996).  In order to state a claim for an equal protection violation, a plaintiff must plead facts that, if true, would show that the governing body acted irrationally and in a manner "unrelated to the achievement of any combination of legitimate purposes." Vance v. Bradley,  440 U.S. 93, 97 (1979).

The parties agree that Plaintiffs are not part of a protected class.  Plaintiffs complain that the Ordinance violates the equal protection clause by exempting taverns licensed prior to December 22, 1990 from the new requirements.  The County argues, based transcripts attached to Plaintiffs' Complaint, that this provision was included after public debate in order to prevent hardship to long-established businesses and out of concern that older taverns might not have the necessary physical space to make the needed changes.

Plaintiffs claim that the County's justification does not make sense because older businesses have had longer to repay capital costs and that, if anything, new taverns should be exempted because a 20-year old tavern "likely needs to update and modernize its facilities and equipment anyway." (Dkt. #22 at 28.)  By advancing this speculative argument, Plaintiffs actually illustrate how the Ordinance is related to the legitimate government interest of mitigating the impacts of new regulation on businesses based on how long they have been operating.  It is also related to the legitimate government interests discussed *supra,* especially facilitating proper use of restricted gaming licences. While Plaintiffs disagree with the determination made by the County about how to advance this interest and make conclusory allegations about an improper motive,[5] they fail to plead facts showing that the County's actions were unrelated to a legitimate government interest and irrational.  Similar grandfather provisions have survived rational basis scrutiny.  See, e.g. City of New Orleans v. Dukes, 427 U.S. 297, 303 (1976) (upholding ban on all street vendors except those who had operated in city

---

[5] Plaintiffs cite Squaw Valley Dev. Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004) in support of their argument that their allegations of an improper motive are sufficient to allow the equal protection claim to proceed to trial. However, Squaw Valley was a so-called "class of one" case where the government action was targeted at a specific landowner and where there was selective enforcement.  In this case, Plaintiffs are not a "class of one" and the Ordinance has general application.

for more than 20 years in order to preserve character of neighborhood).  Accordingly, Plaintiffs have not pled facts sufficient to state a claim for an equal protection violation.

F. Cause of Action Under Nevada Constitution

Plaintiffs pled their due process and equal protection claims under both federal and state law.  These rights under the Nevada Constitution are identical to those under federal law.  Since the Court has dismissed the equal protection and due process claims under federal law, they are similarity dismissed under the Nevada Constitution.

III. Leave to Amend

Plaintiffs have requested leave to amend in the event that the Court grants the Motion for Judgment on the Pleadings.  Courts should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment ..." Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir.1992).  Given this generous standard, the Court is compelled to allow Plaintiffs to amend their Complaint.  Should Plaintiffs choose to amend their Complaint, they must do so within twenty one days of entry of this Order.

IV. Summary and Conclusion

A motion for judgment on the pleadings requires the Court to determine if Plaintiffs have stated plausible facts which show that they are entitled to relief.  Plaintiffs have failed to do so.

A property interest is created when conferral of a benefit is truly mandatory.  The Clark County Code gives the County discretion to impose new conditions on gaming licenses.  Plaintiffs have failed to plausibly plead a that they have a valid property interest in renewal of their licenses without any new conditions.  Since the Ordinance does not restrict, revoke, or suspend their licenses, it does not affect a property interest.  Accordingly, Plaintiffs fail to plead a property interest giving rise to a procedural due process claim.

1   Plaintiffs also allege that the County violated procedural due process by failing to give
2 sufficient notice of the proposed amendments and by failing to properly prepare a business impact
3 statement as required by state law.  The County did provide notice of the major provisions of the
4 proposed amendments. Plaintiffs have no legal support for the unrealistically high standard of notice
5 they seek to impose on the County.  Further, Plaintiffs allege only minor, technical breaches of state
6 law that do not rise to the level of constitutional violations.
7   Plaintiffs' substantive due process claims fail because the Complaint does not allege plausible
8 facts showing that the Ordinance is not rationally related to a legitimate government interest.
9 Specifically, the Ordinance is related to the County's interest in ensuring that gaming licenses are
10 used properly, requiring businesses holding gaming licenses provide employment, services, and
11 amenities to the community, and maintaining public health and welfare.  The Constitution does not
12 prohibit retroactive application of laws, so long as they are rationally related to a legitimate
13 government interest.  Further, the County has almost unlimited authority to regulate gambling and
14 alcohol.
15   Plaintiffs' claim that the law is impermissibly vague fails because the law unambiguously
16 requires a "tavern making an application for a Class A Slot Machine License" to have a bar and a
17 restaurant.
18   Finally, Plaintiffs fail to plead a plausible a equal protection violation because they allege no
19 facts showing that the County could not have a rational basis for exempting taverns licensed prior to
20 December 22, 1990 from the new requirements.
21   **IT IS HEREBY ORDERED THAT** the Motion for Partial Judgment on the Pleadings (#19)
22 of Defendant Clark County and the Board of County Commissioners of Clark County is
23 **GRANTED**.
24   **IT IS FURTHER ORDERED THAT** Defendant Clark County and the Board of County
25 Commissioners of Clark County's Motion to Dismiss (2:11-cv-00824-KJD-PAL Dkt. #10) is
26 **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiffs are granted leave to amend their Complaint. Should Plaintiffs choose to amend their Complaint, they must do so within twenty one days of this order.

DATED this 21st day of September 2012.

_____
Kent J. Dawson
United States District Judge